UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MS 2005-9AR,<br><br>Plaintiff(s),<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-2811 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Teton Ranch (Highlands Maintenance Corporation) Homeowners Association's (the "HOA") motion to dismiss. (ECF No. 10). Both plaintiff Deutsche Bank National Trust Company as Trustee for MS 2005-9AR ("plaintiff") and co-defendant SFR Investments Pool 1, LLC ("SFR") have responded. (ECF Nos. 18, 21).

SFR's limited response concurred with the HOA's motion to dismiss and argues "that any dismissal on that basis should result in a global dismissal of all claims made by [p]laintiff as against all [d]efendants, along with an [o]rder declaring that SFR is the rightful owner of title to the Property." (ECF No. 21 at 2). SFR argues that, should the court not dismiss the complaint as to all defendants, dismissing the HOA would be inappropriate. (*Id.*).

The HOA replied to plaintiff's response, but has not replied to SFR. (ECF No. 23).

**I.  Introduction**

This case involves a dispute over real property located at 509 Copper View St., Henderson, Nevada 89052 (the "property"). Anthony Depasquale acquired a $460,000 loan, which was secured by a deed of trust on the property that was recorded on August 17, 2005. (ECF No. 5 at 3). Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary solely as

James C. Mahan
U.S. District Judge

nominee for the lender, and it assigned its interest as the beneficiary to plaintiff on July 27, 2010. (*Id.*).

The HOA recorded a notice of delinquent assessment lien on February 3, 2009. (*Id.* at 4). On July 10, 2009, the HOA recorded a notice of default and election to sell. (*Id.*). Finally, on March 11, 2014, the HOA recorded a notice of foreclosure sale, which took place on April 3, 2014. (*Id.*). SFR purchased the property for $24,000 at the foreclosure sale, and the foreclosure deed was recorded by the HOA on April 21, 2014. (*Id.*).

Plaintiff brings suit alleging three claims: (1) declaratory relief against SFR; (2) quiet title against all defendants; and (3) unjust enrichment against SFR. (*Id.*). The HOA argues that the complaint must be dismissed for failure to mediate; the quiet title claim fails because plaintiff never had title to the property; and the doctrine of laches warrants dismissal.[1] (ECF No. 10).

## II. Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent

---

[1] The court will not apply the doctrine of laches here because defendant has not adequately shown that its circumstances have changed to the extent that this remedy is warranted. *See* (ECF No. 10); *see also Cooney v. Pedroli*, 235 P. 637, 640 (1925) ("The disadvantage may come from loss of evidence, change of title, intervention of equities and other causes, but when a court sees negligence on one side and injury therefrom on the other, it is a ground for denial of relief" (quoting *Chase v. Chase*, 20 R. I. 202 (1897))). The court sees no negligence on plaintiff's part, nor is any such negligence adequately argued. *See* (ECF No. 10).

**James C. Mahan**
**U.S. District Judge**

- 2 -

with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. Unjust enrichment

As an initial matter, the court dismisses, without prejudice, plaintiff's unjust enrichment claim for failure to mediate pursuant to Nevada Revised Statute ("NRS") 38.330. *See, e.g.*, Nev. Rev. Stat. § 38.330(1); *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555 (Nev. 2013).

Subsection (1) of NRS 38.310 sets forth prerequisites for commencing a civil action and provides, in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2). Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim." Nev. Rev. Stat. § 38.330(1).

Plaintiff never alleges that it has completed mediation. (ECF No. 1). Instead, plaintiff brings a quiet title claim. (*Id.*). Thus, plaintiff has not exhausted its administrative remedies and must mediate its unjust enrichment claim prior to initiating an action in court.

Further, NRS 38.350 expressly tolls the statute of limitations applicable to plaintiff's claims that are subject to mediation under NRS 38.310. Specifically, NRS 38.350 provides that "[a]ny statute of limitations applicable to a claim described in NRS 38.310 is tolled from the time the claim is submitted to mediation . . . until the conclusion of mediation . . . of the claim and the period for vacating the award has expired." Nev. Rev. Stat. § 38.350. Therefore, plaintiff's claims are not prejudiced by the statute's requirement that the parties participate in mediation prior to initiating an action in court.

### B. Quiet title and declaratory relief

#### 1. Failure to mediate

The HOA contends that dismissal of all of plaintiff's claims is proper based on plaintiff's failure to mediate pursuant to NRS 38.310. (ECF No. 10 at 4–6).

The court disagrees as to plaintiff's quiet title claim. As discussed above, subsection (1) of NRS 38.310 provides, in relevant part, that civil actions are barred from judicial consideration "unless the action has been submitted to mediation." Nev. Rev. Stat. § 38.310(1).

A claim to quiet title is exempt from NRS 38.310 because "it requires the court to determine who holds superior title to a land parcel." *McKnight Family, L.L.P.*, 310 P.3d at 559. In *McKnight Family, L.L.P.*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's request for quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit. *Id*. at 557. The court held that, while the other claims for

James C. Mahan
U.S. District Judge

- 4 -

relief were properly dismissed, the quiet title claim was not a civil action as defined in NRS 38.300(3) and was therefore exempt from the requirements of NRS 38.310. *Id.* at 559.

The same reasoning applies to declaratory relief claims in which a lender seeks to determine the validity of a foreclosure sale conducted by a homeowner association. *See, e.g., U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310).

Accordingly, plaintiff's quiet title/declaratory relief claims are exempt from the mediation requirement of NRS 38.310.[2]

### *2. Sufficiency of pleading*

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself."), *abrogated on other grounds by Delgado v. Am. Family Ins. Grp.*, 217 P.3d 563, 567 (Nev. 2009).

### *i. Superpriority amount*

Nevada Revised Statute § 116.3116(1) gives an HOA a lien on its homeowners' residences for unpaid assessments and fines. Nev. Rev. Stat. § 116.3116(1). Moreover, NRS 116.3116(2) gives that HOA lien priority over all other liens and encumbrances with limited exceptions—such

---

[2] The court will treat the declaratory relief "claim" as a prayer for relief under plaintiff's quiet title action, as declaratory *relief* is not, itself, a cause of action. 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . .").

as "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

The statute then carves out a partial exception to subparagraph (2)(b)'s exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Invs. Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Chapter 116 of the Nevada Revised Statutes permits an HOA to enforce its superpriority lien by nonjudicial foreclosure sale. *Id.* at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

The holder of a first deed of trust may pay off the superpriority interest to keep its interest from being extinguished upon foreclosure of an HOA superpriority lien. *See SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, U.S. Bank could have paid off the SHHOA lien to avert loss of its security . . . ."); *see also 7912 Limbwood Ct. Trust v. Wells Fargo Bank, N.A., et al.*, 979 F. Supp. 2d 1142, 1149 (D. Nev. 2013) ("If junior lienholders want to avoid this result, they readily can preserve their security interests by buying out the senior lienholder's interest." (citing *Carillo v. Valley Bank of Nev.*, 734 P.2d 724, 725 (Nev. 1987); *Keever v. Nicholas Beers Co.*, 611 P.2d 1079, 1083 (Nev. 1980))).

Plaintiff alleges that it is the beneficiary of the first position deed of trust, which still encumbers the property and is superior to any interest held by SFR or the HOA. (ECF No. 1). Plaintiff's complaint also alleges that the foreclosure sale is invalid because the HOA failed to identify the superpriority portion of the lien. (*Id.* at 5).

These allegations are insufficient to state a plausible claim for relief—*i.e.*, that plaintiff's claim to the property is superior to SFR's claim. At the time the notices were recorded, the statute

did not require the notices to identify the superpriority portion of the HOA's lien, but only the amount necessary to satisfy the overall HOA lien. *See, e.g.*, Nev. Rev. Stat. § 116.311635(3) (*eff.* Oct. 1, 2013 to Sept. 30, 2015) ("[T]he notice of sale . . . must include: (a) The amount necessary to satisfy the lien as of the date of the proposed sale.").

### *ii. Due process*

To state a procedural due process claim, a claimant must allege "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Here, plaintiff's complaint alleges that the foreclosure "[s]ale did not comply with the statutory notice requirements of [Chapter 116] . . . ." (ECF No. 5 at 5). Specifically, plaintiff argues it was not provided with proper notice of the notice of homeowners' association assessment lien, notice of default and election to sell, notice of foreclosure sale, or the HOA sale. (ECF No. 18 at 4). Moreover, plaintiff argues "[t]he HOA did not provide [plaintiff] or its predecessors in interest, agents, servicers, or trustees, with *proper* notice of the alleged lien . . . or a reasonable opportunity to satisfy that amount." (ECF No. 5 at 6) (emphasis added).

To raise a question of constitutionality, a party must have sufficient Article III standing, including, *inter alia*, a "personal injury fairly traceable to the . . . allegedly unlawful conduct." *Raines v. Byrd*, 521 U.S. 811, 818–19 (1997) (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

To show a viable due process claim, plaintiff must not have received notice that was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Importantly, the Ninth Circuit has held that receipt of actual notice deprives a claimant of standing to raise a procedural due process claim. *Wiren v. Eide*, 542 F.2d 757, 762 (9th Cir. 1976).

This court has found the issue of actual notice to be highly pertinent and often dispositive of due process challenges to HOA superpriority lien foreclosures. *See, e.g.*, *Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, No. 2-15-cv-1683-JCM-CWH, 2017 WL 843177, at *13 (D. Nev. Mar. 1, 2017).

Plaintiff's complaint is deficient as it has failed to allege a lack of *actual* notice of the foreclosure sale. *See generally* (ECF No. 5). Instead, plaintiff contends the notice was not "proper" or statutorily sufficient. (*Id.* at 5). Therefore, as pleaded, plaintiff has not adequately alleged any actual deprivation of its due process rights.

Accordingly, the motion to dismiss will be granted without prejudice as to this claim.

## IV. Conclusion

In sum, plaintiff's unjust enrichment claim will be dismissed without prejudice for failure to mediate. On the other hand, the court exercises jurisdiction over the quiet title claim. Furthermore, plaintiff's purported interest in the property is sufficient to assert its claim. The doctrine of laches does not bar plaintiff from recovering in this action. Finally, there is, without pleading a lack of actual notice, a deficiency in plaintiff's complaint as to violations of its due process rights.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's amended complaint (ECF No. 5) be, and the same hereby is, DISMISSED, without prejudice.

As SFR has an outstanding counterclaim and crossclaim, the case will not be closed.

DATED August 3, 2017.

_____
UNITED STATES DISTRICT JUDGE